1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| LARRY THOMAS BROWN, | ) Case No.: 1:12-cv-01650 JLT (PC) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| v. | ) DISMISS FOR FAILURE TO EXHAUST |
| DR. R. CHAPNICK, et al., | ) ADMINISTRATIVE REMEDIES |
| Defendants. | ) (Doc. 1) |

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. §

1983.  Pending before the Court is Plaintiff's complaint filed on October 9, 2012. (Doc. 1) For the

reasons set forth below, the Court recommends that the matter be **DISMISSED WITHOUT**

**PREJUDICE.**

**I.  Screening Requirement**

        Whenever a prisoner seeks redress from a governmental entity or officer, the Court is obligated

to screen the complaint and dismiss it or any portion thereof, if the Court determines the action or

appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  A claim

is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible . . . "

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

///

1

## II.      Plaintiff has failed to exhaust his administrative remedies under the PLRA

Plaintiff is housed at Avenal State Prison.  (Doc. 1 at 1)  In his complaint, Plaintiff alleges that he has complained to various doctors and custodial staff members that he had COPD and that due to the poor air quality in Avenal, California, he wants to be transferred to a different facility.  Id. at 3-4.

He alleges that he first brought this to the attention of custodial staff on July 22, 2012.  Id. at 3. He then raised this issue with Dr. Enomoto on August 2, 2012 and explained that his counselor refused to place him on the transfer list. Id. at 3-4.  He then discussed the issue with doctors, including Dr. Sprague, on August 15, 2012.  Id. at 4.  In response, Dr. Sprague prescribed Plaintiff a new inhaler. Id.  On August 21, 2012, Plaintiff was transported to Mercy Hospital in Bakersfield for breathing testing.  Id. at 4.  Finally, Plaintiff filed this action on October 9, 2012.  (Doc. 1)

Plaintiff admits that he did not file a grievance related to the failed attempt to obtain a transfer. Id. at 2.  He explains that his is an "exceptional case," such that the administrative remedy is "inadequate" and "an attempt to obtain administrative remedies would be futile." Id.  He clarifies that his concern is that delay would result in irreparable harm.  Id.

### A.      Discussion

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a prerequisite to the inmate filing a lawsuit. See Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001). The PLRA requires the inmate to exhaust every level in the administrative process. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  If the Court concludes that the prisoner has failed to exhaust his administrative remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1119-1120 (9th Cir. 2003).

The goals of the PLRA's exhaustion requirement are to: (1) "eliminate unwarranted federal court interference with the administration of prisons;" (2) "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and, (3) "reduce the quantity and improve the quality of prisoner suits."  Woodford v. Ngo, 548 U.S. 81, 84-85

(2006). Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion." Id. at 92-94.

The grievance and appeal procedure for inmates in the custody of the California Department of Corrections and Rehabilitation, is a four-step process. Vaden v. Summerhill, 449 F.3d 1047, 1048-1049 (9th Cir. 2006); Cal. Code Regs. tit. 15, §§ 3084.1-3084.6. Generally, the inmate is required to file an informal inmate appeal within 15 days of the incident. Brown v. Valoff, 422 F.3d 926, 929-930 (9th Cir. Cal. 2005). If denied at this First Level, the inmate can appeal to the Second Level which, generally, is to the warden or the warden's designee. Id. The Third Level Appeal is conducted by the CDCR's Director or designee. Id.

Importantly, "[t]he requirements of the prison's grievance process, not the PLRA, define the boundaries of proper exhaustion" (Jones v. Bock, 549 U.S. 199, 218 (2007)), and it is only a final decision on the merits from the Third Level Appeal which satisfies the exhaustion requirement under the PLRA. Cal. Code Regs., tit 15, § 3084.7(d)(3) (2011); Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009).

Here, Plaintiff admits that he has not yet begun the grievance procedures. (Doc. 1 at 1) He seems to claim that because the complaint concerns his medical condition, delay in allowing the process to begin and be completed would be damaging to his health. Id. However, notably, Plaintiff first raised the issue on July 22, 2012 but despite being repeatedly dissatisfied with the response, he did not submit a complaint. Instead, despite the last date of disappointment in August, he took no action until October 9, 2012 to file the instant litigation. Clearly, had he timely filed his grievance in July, it would have been resolved—possibly in his favor—before he ever had need to file this action. Thus, the suggestion that he cannot afford to wait for the grievance procedures to complete is belied by his inaction.

Given Plaintiff's pleadings, it is clear, he has not exhausted administrative remedies and he is prohibited from filing his complaint under the PLRA. Woodford v. Ngo, 548 U.S. at 83-84 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.") Given this, the matter must be dismissed.

**ORDER**

Based upon the foregoing, the Court **DIRECTS** the Clerk of the Court to assign this matter to a District Judge.

**FINDINGS AND RECOMMENDATION**

Based upon Plaintiff's failure to exhaust his administrative remedies, the Court recommends:

1.    That the complaint be **DISMISSED WITHOUT PREJUDICE**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are forewarned that the Court does not anticipate granting extensions of time for this purpose.  In addition, the parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 15, 2012**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE